UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JAMES ROBERT DUNNAM | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:10-CV-246 |
| | ) | *Mattice/Carter* |
| COCKE COUNTY JAIL and LUANN | ) | |
| BALLEW, Child Support Magistrate | ) | |

**MEMORANDUM OPINION**

James Robert Dunnam brings this *pro se* petition for habeas corpus relief under 28 U.S.C. § 2254, challenging his November 10, 2010, conviction for contempt of court, entered in the Chancery Court of Cocke County, Tennessee. For this offense, he received a ten-day jail sentence. However, there is a major problem with this petition, which calls for its dismissal *sua sponte*.

It must be clear on the face of a petition that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, petitioner indicates that his wife, Lori Jo Dunnam, filed a habeas corpus action in two different state courts on his behalf, but that the state courts declined to permit her to act in the capacity of next friend and denied the petitions.

Under 28 U.S.C. § 2254(c), a petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." Petitioner has not alleged or even suggested that the state courts are closed to a challenge to the contempt conviction brought by *petitioner*, rather than his wife, and, therefore, has not borne his burden of establishing that he has exhausted all available state court remedies.

Thus, for this reason, this petition will be **DISMISSED** without prejudice to petitioners' his right to assert his claims in a habeas corpus case, after exhaustion of state remedies has occurred. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted)

Finally, after reviewing the claims under the appropriate standards in *Slack v. McDaniel,* 529 U.S. 473 (2000), the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion, nor would they find debatable or wrong the Court's conclusion that exhaustion has not occurred. *See id*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487

(6th Cir. 2001). Therefore, the Court **DENIES** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER**:

       */s/Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
  UNITED STATES DISTRICT JUDGE

3

Case 2:10-cv-00246-HSM-WBC   Document 3   Filed 07/06/12   Page 3 of 3   PageID #: 17